FILED

NOT FOR PUBLICATION

MAY 07 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN BARNETT, | No. 11-16797 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-05605-CW |
| v. | |
| SAL MARTINEZ, # 782, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted February 15, 2013
San Francisco, California

Before: FARRIS and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

Sean Barnett appeals the district court's summary judgment in his 42 U.S.C.

§ 1983 action. Barnett alleges that officers Gebb, Anderson, and Martinez of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Timothy M. Burgess, District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

California Department of Alcoholic Beverage Control arrested him without probable cause during the course of an investigation for licensing violations at his place of business. Barnett was arrested for possessing a concealed firearm in violation of California Penal Code section 25400(a)(2), but the district attorney declined to charge him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment de novo. *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). "[R]eview is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). "This Court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Szajer*, 632 F.3d at 610 (internal quotation and citation omitted). "When the underlying facts are not in dispute, the court's only function is to determine whether the district court correctly applied the law." *Id.*

The undisputed facts known by the officers prior to Barnett's arrest were sufficient to establish probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). Before arresting Barnett, the officers knew: (1) the gun

2

was registered to Barnett; (2) the gun was in an ankle holster, which made it easier to conceal (even if Barnett had been frisked); (3) after first being approached on the sidewalk and before entering the room where he awaited his interview, Barnett was never outside the presence of the officers; (4) the officers left Barnett unattended in the waiting room; (5) the gun was concealed under the couch, adjacent to where Barnett was seated while waiting for his interview; and (6) doormen, handling money for adult-oriented events, are oftentimes armed. Once the officers had collected evidence sufficient for probable cause, they had no obligation to ensure that there was not some innocent explanation for this evidence before arresting Barnett. *United States v. Thomas*, 863 F.2d 622, 627 (9th Cir. 1988) ("[t]he test is not whether the conduct under question is consistent with innocent behavior; law enforcement officers do not have to rule out the possibility of innocent behavior," internal citation omitted).

Since the officers had probable cause to arrest Barnett, we do not reach the issue of qualified immunity.

**AFFIRMED.**

3